# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| DONNA I. BICE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 17-CV-00045-N |
| ) | |
| NANCY A. BERRYHILL[1], Acting ) | |
| Social Security Commissioner, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM OPINION AND ORDER**

In this action under 42 U.S.C. § 405(g) Plaintiff Donna I. Bice ("Bice" or "Plaintiff") seeks judicial review of an adverse social security ruling denying disability benefits under the Supplemental Security Income Program. (Docs. 1, 9). With the consent of the parties, the Court has designated the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in this civil action, in accordance with 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and S.D. Ala. GenLR 73. (See Docs. 16-17). The parties requested that oral argument be waived, and their request was granted. (Docs. 19-20). After considering the administrative record and the memoranda of the parties, the Court finds that the decision of the Commissioner due to be **AFFIRMED**.

---

[1] Nancy A. Berryhill has replaced Carolyn Colvin and is now the acting Social Security Commissioner.

**PROCEDURAL BACKGROUND**

On March 7, 2014, Plaintiff protectively filed a Title II application for a period of disability and disability insurance benefits beginning September 30, 2003. (Docs. 9 at 1, 14 at 1). Plaintiff alleged a disability onset date of September 30, 2003. (Doc. 9 at 6 (Fact Sheet)). Her application was initially denied on April 22, 2014, after which she requested a hearing. (Doc. 14 at 1). On November 15, 2015, a hearing was held hearing before an Administrative Law Judge ("ALJ") and the ALJ rendered an unfavorable decision on December 22, 2015. (Doc. 8 at 17-29).

At the time of the administrative hearing, Plaintiff was 52 years old, had graduated from high school, and had previous employment experience as a customer service representative. (Doc. 9). Plaintiff alleges she is disabled due to major depressive disorder ("MDD") and attention deficit hyperactivity disorder ("ADHD"). (Docs. 8 at 25; 9 at 3). On December 22, 2015, an ALJ denied benefits after determining that "through the date last insured, [Plaintiff] did not have an impairment or combination of impairments that significantly limited the ability to perform basic work-related activities for 12 consecutive months; therefore [Plaintiff] did not have a severe impairment or combination of impairments (20 CFR 404.1451 *et seq.*)". (Doc. 8 at 25). On December 26, 2016, the Appeals Council denied Plaintiff's request for review of the ALJ's hearing decision. (Doc. 8 at 4-9).

Plaintiff's brief summarizes her claim on appeal as follows, "The

Administrative Law Judge reversibly erred under Social Security Ruling 83-20 and HALLEX I-2-6-70(A) by failing to call on the services of a medical expert to determine the onset of Plaintiff's impairments." (Doc. 9 at 1). Plaintiff also raised a claim that the ALJ erred when she determined Plaintiff's impairment was not severe. (Doc. 9 at 3). Defendant has responded to—and denies—these claims. (Doc. 14, generally).

**STANDARD OF REVIEW**

"In Social Security appeals, [the Court] must determine whether the Commissioner's decision is ' "supported by substantial evidence and based on proper legal standards. Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." ' " *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (quoting *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (per curiam) (internal citation omitted) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997))). However, the Court " 'may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner].' " *Id.* (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (alteration in original) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983))). "'Even if the evidence preponderates against the [Commissioner]'s factual findings, [the Court] must affirm if the decision reached is supported by substantial evidence.' " *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d

1253, 1260 (11th Cir. 2007) (quoting *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

"Yet, within this narrowly circumscribed role, [courts] do not act as automatons. [The Court] must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence[.]" *Bloodsworth*, 703 F.2d at 1239 (citations and quotation omitted). *See also Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984) (per curiam) ("We are neither to conduct a de novo proceeding, nor to rubber stamp the administrative decisions that come before us. Rather, our function is to ensure that the decision was based on a reasonable and consistently applied standard, and was carefully considered in light of all the relevant facts."). "In determining whether substantial evidence exists, [a court] must…tak[e] into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).

However, the "substantial evidence" "standard of review applies only to findings of fact. No similar presumption of validity attaches to the [Commissioner]'s conclusions of law, including determination of the proper standards to be applied in reviewing claims." *MacGregor v. Bowen,* 786 F.2d 1050, 1053 (11th Cir. 1986) (quotation omitted). *Accord, e.g.*, *Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1982) ("Our standard of review for appeals from the administrative denials of Social Security benefits dictates that '(t)he findings of the Secretary as to any fact, if supported by substantial

evidence, shall be conclusive ....' 42 U.S.C.A. s 405(g) … As is plain from the statutory language, this deferential standard of review is applicable only to findings of fact made by the Secretary, and it is well established that no similar presumption of validity attaches to the Secretary's conclusions of law, including determination of the proper standards to be applied in reviewing claims." (some quotation marks omitted)). This Court "conduct[s] 'an exacting examination' of these factors." *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996) (per curiam) (quoting *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)). "'The [Commissioner]'s failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal.'" *Ingram*, 496 F.3d at 1260 (quoting *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991)). *Accord Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

In sum, courts "review the Commissioner's factual findings with deference and the Commissioner's legal conclusions with close scrutiny." *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). *See also Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam) ("In Social Security appeals, we review *de novo* the legal principles upon which the Commissioner's decision is based. *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). However, we review the resulting decision only to determine

whether it is supported by substantial evidence. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158–59 (11th Cir. 2004).").

> Eligibility for DIB and SSI requires that the claimant be disabled. 42 U.S.C. §§ 423(a)(1)(E), 1382(a)(1)-(2). A claimant is disabled if she is unable "to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment ... which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

*Thornton v. Comm'r, Soc. Sec. Admin.*, 597 F. App'x 604, 609 (11th Cir. 2015) (per curiam) (unpublished).[2]

> The Social Security Regulations outline a five-step, sequential evaluation process used to determine whether a claimant is disabled: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functional capacity ("RFC") assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience.

*Winschel*, 631 F.3d at 1178 (citing 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v); *Phillips*, 357 F.3d at 1237-39).[3]

"These regulations place a very heavy burden on the claimant to demonstrate both a qualifying disability and an inability to perform past relevant work." *Moore*, 405 F.3d at 1211 (citing *Spencer v. Heckler*, 765 F.2d

---

[2] In this Circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2. *See also Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 n.1 (11th Cir. 2015) (per curiam) ("Cases printed in the Federal Appendix are cited as persuasive authority.").

[3] The Court will hereinafter use "Step One," "Step Two," etc. when referencing individual steps of this five-step sequential evaluation.

6

1090, 1093 (11th Cir. 1985)). "In determining whether the claimant has satisfied this initial burden, the examiner must consider four factors: (1) objective medical facts or clinical findings; (2) the diagnoses of examining physicians; (3) evidence of pain; and (4) the claimant's age, education, and work history." *Jones v. Bowen*, 810 F.2d 1001, 1005 (11th Cir. 1986) (per curiam) (citing *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983) (per curiam)). "These factors must be considered both singly and in combination. Presence or absence of a single factor is not, in itself, conclusive." *Bloodsworth*, 703 F.2d at 1240 (citations omitted).

If, in Steps One through Four of the five-step evaluation, a claimant proves that he or she has a qualifying disability and cannot do his or her past relevant work, it then becomes the Commissioner's burden, at Step Five, to prove that the claimant is capable—given his or her age, education, and work history—of engaging in another kind of substantial gainful employment that exists in the national economy. *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999); *Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir. 1985). Finally, although the "claimant bears the burden of demonstrating the inability to return to [his or] her past relevant work, the Commissioner of Social Security has an obligation to develop a full and fair record." *Shnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987). *See also Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003) (per curiam) ("It is well-established that the ALJ has a basic duty to develop a full and fair record. Nevertheless, the claimant bears

the burden of proving that he is disabled, and, consequently, he is responsible for producing evidence in support of his claim." (citations omitted)). "This is an onerous task, as the ALJ must scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts. In determining whether a claimant is disabled, the ALJ must consider the evidence as a whole." *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015) (per curiam) (citation and quotation omitted).

Where, as here, the ALJ denied benefits and the Appeals Council denied review of that decision, the Court "review[s] the ALJ's decision as the Commissioner's final decision." *Doughty*, 245 F.3d at 1278. "[W]hen the [Appeals Council] has denied review, [the Court] will look only to the evidence actually presented to the ALJ in determining whether the ALJ's decision is supported by substantial evidence." *Falge v. Apfel*, 150 F.3d 1320, 1323 (11th Cir. 1998). If the applicant attacks only the ALJ's decision, the Court may not consider evidence that was presented to the Appeals Council but not to the ALJ. *See id.* at 1324.

## DISCUSSION

Plaintiff contends the ALJ erred by 1) finding that Plaintiff did not suffer from any severe impairments, and 2) failing to call on the services of a medical expert to determine the onset of Plaintiff's impairments. (Doc. 9). The Court will address these contentions in turn.

### A. Severe Impairment

Plaintiff argues that the ALJ erred by determining that she did not suffer from any severe impairments even though**,** "Overall, the record suggests that the Plaintiff's major depression disorder and ADHD were severe impairments during the time in question, i.e. through December 31, 2007." (Doc. 9 at 3). At the second step of the sequential evaluation process, the ALJ is to "consider the medical severity of [the claimant's] impairment(s)." 20 C.F.R. § 404.1520(a)(4)(ii). A "severe" impairment is one which "significantly limits your physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). The Eleventh Circuit has held that a claimant's impairment may be considered "not severe" only if it is a slight abnormality which has such a minimal effect on he or she, that it is not expected to interfere with the ability to work, regardless of age, education or work experience. *See, e.g., Brady v. Heckler,* 724 F.2d 914, 922 (11th Cir.1984). In *McDaniel v. Bowen,* 800 F.2d 1026 (11th Cir.1986), the Eleventh Circuit clarified the severity determination:

> [a]t step two of § 404.1520 and § 416.920 a claimant's impairment is determined to be either severe or not severe. Step two is a threshold inquiry. It allows only claims based on the most trivial impairments to be rejected. The claimant's burden at step two is mild. An impairment is not severe only if the abnormality is so slight and its effect so minimal that it would clearly not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience. Claimant need show only that her impairment is not so slight and its effect is not so minimal.

9

*Id.* at 1031. If an impairment causes only mild effects on a claimant's ability to work, or is amenable to medical treatment, it may be not severe. *See Bridges v. Bowen,* 815 F.2d 622, 625 (11th Cir.1987). Thus, a claimant bears the burden of proving that an impairment is severe and more than a mere slight abnormality. *Brady,* 724 F.2d at 920

Here, Plaintiff claims that her alleged disability is based on MDD and ADHD. A claimant's mental impairments are evaluated based on how they impact four functional areas: activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation. *Cuthbert v. Astrue,* 303 Fed. App'x 697, 699 (11th Cir.2008) (quoting 20 C.F.R. § 404.1520a).[4] The regulations provide that if "the degree of [a claimant's] limitation in the first three functional areas as 'none' or 'mild' and 'none' in the fourth area, [the ALJ] will generally conclude that your impairment(s) is not severe, unless the evidence otherwise indicates that there is more than a minimal limitation in your ability to do basic work activities." 20 C.F.R. § 404.1520a(d)(1).

After recounting Plaintiff's medical history the ALJ explained:

> Based on the evidence of record, the undersigned finds that the claimant did not meet her burden of showing that she had a severe impairment that existed for twelve continuous months from September 30, 2003 through December 31, 2007. The

---

[4] "When we rate the degree of limitation in the first three functional areas (activities of daily living; social functioning; and concentration, persistence, or pace), we will use the following five-point scale: None, mild, moderate, marked, and extreme. When we rate the degree of limitation in the fourth functional area (episodes of decompensation), we will use the following four-point scale: None, one or two, three, four or more." 20 C.F.R. § 404.1520a-(c)(4).

claimant sought only sporadic mental health treatment during the adjudication period. She was seen at Alabama Psychiatric Services until August 2005 and then she was seen a few times at Altapointe in 2006. The claimant generally responded well to treatment and her depression was found to be just mild or only mild to moderate on several office visits at Alabama Psychiatric Services. Although the claimant reported increased depression at other times, this was due in part to situational stressors, including problems she was having with her son. There is no indication in the Alabama Psychiatric Services treatment records of any objective problems in terms of the claimant's attention or concentration notwithstanding her ADHD. The claimant's mental status exams at Altapointe were normal, other than impaired concentration on one occasion (but unimpaired at all other office visits) and somewhat impaired sleep per her report. The claimant failed to show for any appointments at Altapointe after November 2006. There is no evidence in the record that she sough mental health treatment from any other provider from November 2006 through the December 31, 2007 date last insured.

Moreover, there is no evidence in the record that any of the claimant's treating providers opined that she was unable to work or disabled during the adjudication period. Dr. Duffourc, who treated the claimant from 1999 to 2001, evaluated the claimant in January 2003, prior to the alleged onset date (Exhibit 1F). The claimant was not seeing a mental health processional at that time or taking psychotropic medication. Dr. Duffourc recommended that the claimant restart treatment with a psychiatrist, therapist, and pharmacotherapy. Duffourc believed that, once the claimant responds to her medication, "she should be able to return to work" and that with adequate therapy, she would not have "any significant residual psychological damage." The claimant began treatment at Alabama Psychiatric Services shortly thereafter and, consistent with the opinion of Dr. Duffourc, she responded positively to treatment. There are no office notes indicating that the claimant was disabled and the claimant did not required inpatient psychiatric treatment or even emergency room treatment for her allegedly disabling mental health problems during the adjudication period.

In making this finding that the claimant did not have s severe mental impairment during the adjudication period, the

> undersigned has considered the four broad functional areas set out in the disability regulations for evaluating mental disorders and in section 12.00C of the Listing of Impairments (20 CFR, Part 404, Subpart P, Appendix 1). These four broad functional areas are know as the "paragraph B" criteria. In activities of daily living, social functioning, and concentration, persistence and pace, the claimant had no more than mild limitations. The claimant was living with her spouse and caring for her children. She reportedly had some difficulties shopping at performing chores and she was somewhat isolative. Her mental status exams, however, generally showed only mild depression (or mild to moderate) and her concentration was normal except at one office visit. The fourth functional area is episodes of decompensation. In this area, the claimant experienced no episodes of decompensation which have been of extended duration. Because the claimant's medically determinable mental impairments caused no more than "mild" limitation in any of the first three functional areas and "no" episodes of decompensation which have been of extended duration in the fourth area, they were nonsevere (20 CFR 404.1520a(d)(1)).

(R. at 28-29).

Substantial evidence supports the ALJ's finding of no severe mental impairments when, as here, there was a lack of medical evidence showing that her impairments impacted her ability to work and her mental evaluations repeatedly indicated that the impact of her mental illness was mild. The ALJ noted the few instances where the impact of Plaintiff's mental illness was moderate, but these were isolated incidents. Ultimately, the ALJ properly considered Plaintiff's mental impairments consistent with the law, and set forth multiple reasons, all of which are supported by substantial evidence for finding Plaintiff had no severe mental impairments.

It is clear from the decision, that the ALJ specifically considered all of Plaintiff's diagnoses, medical records, and testimony, despite Plaintiff's

assertions to the contrary. The question before this Court is not whether an alternative determination may be supported by the record, but whether the decision reached was supported by substantial evidence. *See Ingram*, 496 F.3d at 1260. "'Even if the evidence preponderates against the [Commissioner]'s factual findings, we must affirm if the decision reached is supported by substantial evidence.'" *Ingram*, 496 F.3d at 1260 (quoting *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)). While the medical record and Plaintiff's testimony may support an alternative determination, there remains substantial evidence within the record on which the ALJ's determination was based. Further, the ALJ specifically articulated the rationale behind his determination and as a result, Plaintiff's first assignment of error is without merit.[5]

**B. Onset Date**

Plaintiff claims "[t]he Administrative Law Judge reversibly erred under Social Security Ruling 83-20 and HALLEX I-2-6-70(A) by failing to call on the services of a medical expert to determine the onset of Plaintiff's impairments." (Doc. 9 at 1). However, in this case, the ALJ determined that the Plaintiff was not disabled. The Eleventh Circuit has twice held in unpublished opinions that an ALJ is only required to obtain the opinion of a medical expert to determine the date of disability onset if the ALJ first

---

[5] The Court observes that Plaintiff's brief states, "Overall the record suggests that the Plaintiff's major depressive disorder and ADHD were severe impairments during the time in question, i.e. through December 31, 2007." (Doc. 9 at 3). This is not an argument that the ALJ's decision was not supported by substantial evidence. Rather, it is an argument that the ALJ could have reached a different conclusion.

13

concludes that the plaintiff is disabled. *See Caces v. Comm'r, Soc. Sec. Admin.,* 560 F. App'x 936, 939 (11th Cir. Mar. 27, 2014) ("The plain language of SSR 83–20 indicates that it is applicable only after there has been a finding of disability and it is then necessary to determine when the disability began." (citation omitted)); *Klawinski v. Comm'r of Soc. Sec.,* 391 F. App'x 772, 776 (11th Cir. Aug. 6, 2010) ("We conclude that the ALJ did not contravene SSR 83–20 because the ALJ ultimately found that [the plaintiff] was not disabled, and SSR 83–20 only required the ALJ to obtain a medical expert in certain instances to determine a disability onset date after a finding of disability."). The Court finds these decisions persuasive and finds the same in this case. *See also Odom v. Astrue,* 2012 WL 2568222, at *7 (S.D.Ala. July 3, 2012) ("[T]his Court agrees with the defendant that since the ALJ did not determine that [the plaintiff] was disabled, there was no need to establish an onset date pursuant to SSR 83–20 (or otherwise). In other words, SSR 83–20 has no application to this case."); *Wright v. Colvin,* 2015 WL 1346043, at *5 (S.D. Ala. Mar. 24, 2015).

Thus, the undersigned concludes that SSR 83–20 does not apply to this case, and the ALJ did not err by failing to obtain the opinion of a medical expert to determine the onset date of Plaintiff's impairments.

## CONCLUSION

Plaintiff has raised two claims in bringing this action and both are without merit. Upon consideration of the entire record, the Court finds "such

14

relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  Therefore, it is **ORDERED** that the Commissioner's decision be **AFFIRMED**, *see Fortenberry v. Harris*, 612 F.2d 947, 950 (5th Cir. 1980), and that this action be **DISMISSED**.  Final judgment will be entered separately.

**DONE** and **ORDERED** this the 25th day of October 2017.

>*/s/ Katherine P. Nelson*
>**KATHERINE P. NELSON**
>**UNITED STATES MAGISTRATE JUDGE**